

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 20-** |
| **v.** | : | **DATE FILED:** _____ |
| **ZUMAR DUBOSE** | : | **VIOLATIONS:** |
| **ABDUSH DUBOSE** | | **18 U.S.C. § 1341 (mail fraud - 10 counts)** |
| | : | **18 U.S.C. § 1344 (bank fraud - 1 count)** |
| | | **18 U.S.C. § 1956(h) (conspiracy to commit** |
| | : | **money laundering - 1 count)** |
| | | **Notice of forfeiture** |

## INDICTMENT

### COUNTS ONE THROUGH TEN
### (Mail Fraud)

**THE GRAND JURY CHARGES THAT:**

At all times material to this Indictment:

## BACKGROUND

1.     The United States Postal Service ("USPS") was an independent agency of the executive branch of the United States that provided mail and shipping services throughout the United States and internationally.

2.     USPS allowed individuals to purchase postage and obtain insurance for loss or damage to contents of mailings that were shipped via USPS.

3.     USPS allowed customers who obtained insurance and whose mail was lost, or delivered with missing or damaged contents, to recover a monetary amount, reflecting the value of their loss, in the form of a postal check by filing a claim.

4.     USPS customers could submit claims online through USPS's website. To file a claim, customers were required to provide the mail tracking number, date of mailing, sender and recipient addresses, the address to whom the postal check should be sent, reason for the claim, the value of the lost or damaged item, and proof of value. The final step in the claim submission process was that the customer must certify that "all provided information is accurate, truthful and complete" and that the customer understands "that anyone who furnishes false or misleading information, whether by including it or omitting it, may be subject to criminal and/or civil penalties, including fines and imprisonment."

5.     United Parcel Service ("UPS") UPS was an interstate commercial carrier that provided delivery and shipping services throughout the United States and internationally.

6.     UPS allowed customers whose shipment was lost, or delivered with missing or damaged contents, to recover a monetary amount in the form of a UPS settlement claim check by filing a claim.

7.     UPS claims consisted of two parts: notification of damage or loss, and a request for claim payment. UPS customers could submit claims online through UPS's website or in other ways, including via fax. To file a claim, customers were required to provide the tracking number, package pick-up date, proof of value, the address to whom the UPS settlement claim check should be sent, reason for the claim, the value of the lost or damaged item, and proof of value. The customer must certify that the "information provided in this Request for Claim Payment and all communications related to this Request, including but not limited to statements as to the actual content and value of items that have been lost or damaged, are true and accurate to the best of my knowledge, and that this Request has been submitted in good faith."

8.     Urmajesty Banktruckfit Solutions ("Urmajesty") was a New Jersey corporation with its registered office and principal place of business in Waterford Works, New Jersey. Urmajesty was incorporated on or about September 30, 2013. Urmajesty's New Jersey incorporation documents list defendant ZUMAR DUBOSE as an incorporator, and state that Urmajesty was a non-profit corporation that was organized for religious, charitable, educational and scientific purposes.

9.     Seeds of Beauty Incorporated ("Seeds of Beauty") was a Florida corporation with its registered office and principal place of business in Boynton Beach, Florida. Seeds of Beauty was incorporated on or around October 26, 2017. Seeds of Beauty's Florida incorporation documents list defendant ABDUSH DUBOSE as an incorporator.

10.     Miworld Three Inc. ("Miworld") was a New Jersey corporation with its registered office and principal place of business in Glassboro, New Jersey. Miworld was incorporated on or around July 22, 2019. Miworld's New Jersey incorporation documents list defendant ZUMAR DUBOSE as a member of the board of trustees.

11.     4 Entertainment Corporation ("4 Entertainment") was a New Jersey corporation with its registered office and principal place of business in Waterford Works, New Jersey. 4 Entertainment was incorporated on or about September 10, 2019. 4 Entertainment's New Jersey incorporation documents list defendant ZUMAR DUBOSE and Individual 1, who is known to the Grand Jury, as incorporators.

12.     Citizens Bank Account # 606303125968 ("Urmajesty Account") was a business banking account in the name of Urmajesty.

13.     Citizens Bank Account # 6308367609 ("Seeds of Beauty Account") was a business banking account in the name of Seeds of Beauty.

14.     Citizens Bank Account # 6310090554 ("Miworld Account") was a business banking account in the name of Miworld.

15.     Citizens Bank Account # 6310090651 ("4 Entertainment Account") was a business banking account in the name of 4 Entertainment.

16.     Citizens Bank Account # 6311442497 ("Account 2497") was a personal banking account in the name of defendant ZUMAR DUBOSE.

17.     Citizens Bank was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation.

18.     From at least in or about October 2018 through in or about February 2020, in the Eastern District of Pennsylvania and elsewhere, defendants

**ZUMAR DUBOSE and**
**ABDUSH DUBOSE**

knowingly devised and intended to devise a scheme and artifice to defraud USPS and UPS, and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

**MANNER AND MEANS**

It was part of the scheme that:

**A.    Scheme as to Victim USPS**

19.     From at least in or about February 2019 to in or July 2019, defendants ZUMAR DUBOSE and ABDUSH DUBOSE shipped parcels via USPS. These parcels were insured by USPS.

20.     After the parcels were shipped, defendants ZUMAR DUBOSE and ABDUSH DUBOSE submitted fraudulent claims to USPS relating to the parcels described in Paragraph 19. These fraudulent claims used fictitious names, falsely claimed that parcels were

delivered with missing or damaged contents, and falsely represented the value of the purported items that were shipped. The defendants collectively submitted over 1,100 fraudulent claims to USPS. Almost all of the over 1,100 fraudulent claims used copies of the same approximately twelve store receipts to support the fraudulent claims. Most of these fraudulent claims falsely alleged approximately the same value for the purportedly missing or damaged contents, that is, approximately $250.

21.     By submitting the fraudulent claims to USPS, Defendants ZUMAR DUBOSE and ABDUSH DUBOSE caused USPS to issue claim checks. The claim checks, in the names of fictitious individuals, were sent to defendants ZUMAR DUBOSE and ABDUSH DUBOSE via USPS at residential addresses, mailboxes and post office boxes designated by the defendants, and located in Philadelphia, Pennsylvania and elsewhere.

22.     From at least in or about March 2019 to in or about August 2019, Defendants ZUMAR DUBOSE and ABDUSH DUBOSE caused to be deposited the fraudulently-obtained USPS claim checks into the Urmajesty Account, the Seeds of Beauty Account and the Miworld Account through automated teller machines ("ATMs") located in Philadelphia, Pennsylvania and elsewhere. These deposits totaled approximately $171,724.

23.     In or about July 2019, when USPS withheld certain claim checks for suspected fraud, defendant ZUMAR DUBOSE caused letters to be sent to USPS Customer Service, using fictitious names associated with fraudulent claims that had previously been filed with USPS, asking USPS to re-issue certain claim checks that he had not received.

24.     In or about September 2019, defendant ZUMAR DUBOSE caused USPS, upon receipt of these letters, to re-issue over 190 claim checks and send them via USPS to a UPS

box opened by defendant ZUMAR DUBOSE at a UPS location on South 4th Street in

Philadelphia, Pennsylvania.

25.     On or about October 2, 2019, defendant ZUMAR DUBOSE deposited the

claim checks described in Paragraphs 23 and 24 into the 4 Entertainment Account through ATMs

located in Philadelphia, Pennsylvania. These deposits totaled approximately $47,813.

**B.     Scheme as to Victim UPS**

26.     From at least in or about October 2018 to at least in or about July 2019,

defendants ABDUSH DUBOSE and ZUMAR DUBOSE shipped parcels via UPS using insured

UPS shipping labels.

27.     Defendants ABDUSH DUBOSE and ZUMAR DUBOSE submitted

fraudulent claims to UPS relating to the parcels described in Paragraph 26, using fictitious

names, falsely claiming that parcels were delivered with missing or damaged contents, and

falsely representing the value of the items that were purportedly shipped. The defendants

collectively submitted over 140 fraudulent claims to UPS.

28.     Based upon the fraudulent claims submitted to UPS, defendants ABDUSH

DUBOSE and ZUMAR DUBOSE caused UPS to issue claim checks that were sent via the

United States mail to residential addresses, mailboxes and post office boxes designated by

defendants ZUMAR DUBOSE and ABDUSH DUBOSE, located in Philadelphia, Pennsylvania

and elsewhere.

29.     From at least in or about November 2018 to in or about May 2019,

defendants ABDUSH DUBOSE and ZUMAR DUBOSE caused to be deposited the UPS claim

checks into the Urmajesty Account, Seeds of Beauty Account and Account 2497 using ATMs

located in Philadelphia, Pennsylvania and elsewhere. These deposits totaled approximately $61,327.

      30.     Some of the fraudulent claims submitted by defendant ZUMAR DUBOSE were not paid by UPS. Between at least in or about March 2019 and February 2020, in connection with some of these unpaid claims, and to perpetuate the fraud scheme, defendant ZUMAR DUBOSE filed over ten lawsuits against UPS in various New Jersey counties— including Cumberland County, Gloucester County, Atlantic County, Camden County and Mercer County—using fictitious plaintiff names that were associated with the unpaid and fraudulent claims submitted to UPS as part of the fraud scheme. These lawsuits alleged that UPS did not pay claims to which the fictitious plaintiff was purportedly entitled.

## USE OF THE MAILS

      31.     On or about the dates set forth below, in the Eastern District of Pennsylvania and elsewhere, the defendants,

**ZUMAR DUBOSE and
ABDUSH DUBOSE,**

for the purpose of executing this scheme to defraud, and to obtain money and property by materially false and fraudulent pretenses, representations and promises, knowingly caused to be delivered by the United States mails, according to the directions thereon:

| Count | Date (On or About) | Description of Mailing |
|---|---|---|
| 1 | 2/11/2019 | UPS claim check # 7610096 for $498 sent via USPS to a UPS box at a UPS location at Market Street in Philadelphia, PA. |
| 2 | 2/13/2019 | UPS claim check # 7614727 for $498 sent via USPS to a UPS box at a UPS location at Market Street in Philadelphia, PA. |
| 3 | 2/14/2019 | UPS claim check # 7616924 for $498 sent via USPS to a UPS box at a UPS location at Market Street in Philadelphia, PA. |
| 4 | 6/15/2019 | Envelope sent via USPS to a UPS box at a UPS location on Market Street in Philadelphia, PA (USPS tracking # 9516406566319167116685). |

| 5 | 6/16/2019 | Envelope sent via USPS to a UPS box at a UPS location on Market Street in Philadelphia, PA (USPS tracking # 9516406566319167115367). |
| 6 | 6/16/2019 | Envelope sent via USPS to a UPS box at a UPS location on Market Street in Philadelphia, PA (USPS tracking # 9516406566319167117125). |
| 7 | 6/16/2019 | Envelope sent via USPS to a UPS box at a UPS location on Market Street in Philadelphia, PA (USPS tracking # 9516406566319167116180). |
| 8 | 9/6/2019 | USPS claim check # 313497542 for $249.99 sent via USPS to a UPS box at a UPS location on South 4th Street in Philadelphia, PA. |
| 9 | 9/9/2019 | USPS claim check # 313499129 for $249.99 sent via USPS to a UPS box at a UPS location on South 4th Street in Philadelphia, PA. |
| 10 | 9/20/2019 | USPS claim check # 313529496 for $249.99 sent via USPS to a UPS box at a UPS location on South 4th Street in Philadelphia, PA. |

All in violation of Title 18, United States Code, Section 1341.

## COUNT ELEVEN
### (Bank Fraud)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     Paragraphs 11, 15, 17, and 19 - 25 of Counts One through Ten are re-alleged and incorporated here.

2.     From in or around September 2019 through in or around April 2020, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant,

### ZUMAR DUBOSE,

together with Individual 1, who is known to the Grand Jury, knowingly executed, and attempted to execute a scheme to defraud Citizens Bank, and to obtain money owned by and under the care, custody and control of Citizens Bank by means of materially false and fraudulent pretenses, representations and promises.

### MANNER AND MEANS

It was part of the scheme that:

3.     On or about September 14, 2019, Individual 1 opened the 4 Entertainment Account at a Citizens Bank branch location in Philadelphia, Pennsylvania.

4.     On or about October 2, 2019, defendant ZUMAR DUBOSE deposited checks obtained from the USPS as a result of asserting fraudulent claims and made payable to numerous individuals via ATMs located in Philadelphia, Pennsylvania into the 4 Entertainment Account at Citizens Bank.

5.     After learning that Citizens Bank placed a hold on the 4 Entertainment Account due to suspected fraud, defendant ZUMAR DUBOSE and Individual 1 made false statements to Citizens Bank to attempt to cause Citizens Bank to lift the hold on the funds in the 4 Entertainment Account.

6.      On or about December 4, 2019, Individual 1 visited a Citizens Bank branch location in Philadelphia, Pennsylvania to try to convince Citizens Bank to release the funds in the 4 Entertainment Account. Individual 1 falsely represented that approximately fourteen different individuals to whom the fraudulently obtained checks were made payable were all alternate names doing business as 4 Entertainment Corporation.

7.      On or about January 29, 2020, defendant ZUMAR DUBOSE used an e-mail address that he created, "kd@gmails.page," to e-mail a representative of Citizens Bank to try to convince Citizens Bank to release the funds in the 4 Entertainment Account. Through this e-mail, defendant ZUMAR DUBOSE falsely claimed that the funds in the 4 Entertainment Account were "valid" and were not fraudulent.

8.      On or about March 19, 2020, defendant ZUMAR DUBOSE sent a text message to Individual 1, instructing Individual 1 to call Citizens Bank about the 4 Entertainment Account. Defendant ZUMAR DUBOSE told Individual 1: "See what information he has that states fruad [*sic*] and see if he can lift the hold. Tell him u emailed him the documents from the issuing bank stating no fraud [*sic*] activity. Tell him citizens bank [*sic*] do not have a contract with the payee or the post office so it is impossible for him to have any details of the transaction that took place."

In violation of Title 18, United States Code, Section 1344.

## COUNT TWELVE
### (Money Laundering Conspiracy)

**THE GRAND JURY FURTHER CHARGES THAT:**

   1. Paragraphs 1 - 8, 12, 17, 19 - 22, and 26 - 29 of Counts One through Ten are re-alleged and incorporated here.

   2. TD Bank Account # 4252531425 ("Fornax Enterprises Account") was a business banking account in the name of Fornax Enterprises.

   3. TD Bank was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation.

### THE CONSPIRACY

   4. From at least in or about May 2019 through in or about June 2019, in the Eastern District of Pennsylvania, and elsewhere, defendants,

### ZUMAR DUBOSE and
### ABDUSH DUBOSE,

knowingly combined, conspired, and agreed to commit an offense against the United States in violation of Title 18, United States Code, Section 1957(a), that is, to knowingly engage and attempt to engage, in monetary transactions by, through and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341.

### MANNER AND MEANS

   It was part of the conspiracy that:

   5. Defendant ZUMAR DUBOSE deposited proceeds of the mail fraud in the form of USPS and UPS claim checks into the Urmajesty Account via ATMs located in Philadelphia, Pennsylvania.

6.      Defendant ABDUSH DUBOSE withdrew proceeds of the mail fraud from the Urmajesty Account and deposited the proceeds into the Fornax Account.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its object, defendants ZUMAR DUBOSE and ABDUSH DUBOSE committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere:

1.      On or about May 2, 2019, defendant ZUMAR DUBOSE deposited approximately $28,984 in mail fraud proceeds in the form of UPS claim checks into the Urmajesty Account via ATMs located in Philadelphia, Pennsylvania.

2.      On or about May 13, 2019, defendant ZUMAR DUBOSE deposited approximately $498 in mail fraud proceeds in the form of USPS claim checks into the Urmajesty Account via an ATM located in Philadelphia, Pennsylvania.

3.      On or about May 19, 2019, defendant ZUMAR DUBOSE deposited approximately $1,750 in mail fraud proceeds in the form of USPS claim checks into the Urmajesty Account via an ATM located in Philadelphia, Pennsylvania.

4.      On or about May 20, 2019, defendant ZUMAR DUBOSE deposited approximately $1,500 in mail fraud proceeds in the form of USPS claim checks into the Urmajesty Account via an ATM located in Philadelphia, Pennsylvania.

5.      On or about May 26, 2019, defendant ZUMAR DUBOSE deposited approximately $9,993.66 in mail fraud proceeds in the form of USPS claim checks into the Urmajesty Account via an ATM located in Philadelphia, Pennsylvania.

6.      On or about May 28, 2019, defendant ZUMAR DUBOSE deposited approximately $11,249.55 in mail fraud proceeds in the form of USPS claim checks into the

Urmajesty Account via an ATM located in Philadelphia, Pennsylvania.

7.     On or about June 9, 2019, defendant ZUMAR DUBOSE deposited approximately $21,999.12 in mail fraud proceeds in the form of USPS claim checks into the Urmajesty Account via ATMs located in Philadelphia, Pennsylvania.

8.     On or about June 26, 2019, defendant ZUMAR DUBOSE sent a text message to ABDUSH DUBOSE stating, "Yo when u drop the check into the fornax Don't for get to sign fornax on the back of it." Defendant ABDUSH DUBOSE responded, "ight," and asked for confirmation that the entity is "fornax rite[?]" Defendant ZUMAR DUBOSE replied, "Yop."

9.     On or about June 27, 2019 defendant ABDUSH DUBOSE caused approximately $68,000 of mail fraud proceeds to be withdrawn from the Urmajesty Account. Specifically, defendant ABDUSH DUBOSE purchased five bank checks totaling $68,000 drawn on the Urmajesty Account from a Citizens Branch location in New Jersey. These bank checks were made payable to "Fornax Enterprise."

10.     On or about June 27, 2019, defendant ABDUSH DUBOSE caused the bank checks totaling $68,000 to be deposited into the Fornax Enterprise TD Bank Account.

11.     On or about June 27, 2019, after completing the withdrawal and deposit, defendant ABDUSH DUBOSE sent a text message to defendant ZUMAR DUBOSE, confirming that he completed the withdrawal and deposit, stating: "I drop the doe."

All in violation of Title 18, United States Code, Sections 1956(h) and Section 1957.

## NOTICE OF FORFEITURE NO. 1

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     Upon conviction of the violations of Title 18, United States Code, Sections 1341 set forth in this Indictment, defendants

**ZUMAR DUBOSE and
ABDUSH DUBOSE,**

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds traceable to the commission of such offenses, including but not limited to:

a.     approximately $233,051 in United States currency, representing the amount of proceeds traceable to and obtained as a result of the mail fraud charged in Counts One through Ten, and

b.     approximately $47,813.09 in United States currency, representing the amount of proceeds traceable to and obtained as a result of the mail fraud charged in Counts One through Ten, which has been seized by the Government pursuant to a Seizure Warrant (Mag. No. 20-569).

2.     If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Sections 981(a) and 982(a)(2).

## NOTICE OF FORFEITURE NO. 2

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.     Upon conviction of the violation of Title 18, United States Code, Section 1956(h) set forth in this Indictment, defendants

**ZUMAR DUBOSE and**
**ABDUSH DUBOSE,**

shall forfeit to the United States of America any property, real or personal, involved in a transaction or attempted transaction in violation of the above offense, or any property traceable to such property, including but not limited to the sum of approximately $68,000.

      2.     If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

          (a)     cannot be located upon the exercise of due diligence;

          (b)     has been transferred or sold to, or deposited with, a third party;

          (c)     has been placed beyond the jurisdiction of the Court;

          (d)     has been substantially diminished in value; or

          (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Sections 981(a)(1)(A) and 982(a)(1).

**A TRUE BILL:**

_____

for

**WILLIAM M. McSWAIN**
**United States Attorney**

17

No._ _ _ _ _ _ _ _ _ _

## UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

Criminal Division

### THE UNITED STATES OF AMERICA

vs.

**ZUMAR DUBOSE**
**ABDUSH DUBOSE**

INDICTMENT
**18 U.S.C. § 1341 (mail fraud - 10 counts)**
**18 U.S.C. § 1344 (bank fraud - 1 count)**
**18 U.S.C. § 1956(h) (conspiracy to commit**
**money laundering - 1 count)**
**Notice of forfeiture**

Filed in open court this _____ day,
Of _____ A.D. 20 _____

_____
Clerk

Bail, $ _____